Matter of the Petition of WALTER ROWLAND to be Admitted to Become a Citizen of the United States of America.

(Supreme Court, New York Special Term, October, 1919.)

Naturalization — filing of declaration to become a citizen — who may be considered residents of the United States — Canal Zone — non-residents — aliens.

An alien came to this country in May, 1905, and remained here until May, 1907, when he entered the employ of the government of the United States in the Canal Zone, and while here in 1908, on vacation allowed to him, he filed a declaration of his intention to become a citizen. Upon finding on his final return from the Canal Zone in May, 1916, that his time to apply for second papers had expired, he, on the seventeenth of that month, filed his declaration to become a citizen and on September 4, 1918, filed his petition for second papers. Upon objection to his admission to citizenship on the ground of non-residence in the United States for five years, *held*, that subdivision 7 of the Act of May 9, 1918, which permits residence in the Canal Zone to be considered as actual residence in the United States in certain cases and provides that in those cases only residence in the Canal Zone may be considered residence in the United States, did not apply and that an order adjourning the application to a day certain should be entered on notice to the chief naturalization examiner and directing the clerk to notify the applicant to then appear with his witnesses.

**5**

APPLICATION for admission to citizenship.

Henry H. Morgan, for petitioner.

Merton A. Sturges, chief naturalization examiner, in opposition.

GAVEGAN, J.  The appellant filed his declaration of intention to become a citizen of the United States on May 17, 1916.  On September 4, 1918, he filed his petition for second papers.  Having now applied for admission to citizenship the objection is made that he has not resided in the United States for five years.

He came to this country in April, 1905, and remained here until May, 1907, when he was engaged by the United States government to work for it as an engineer in the Canal Zone, in which employment he remained until the force with which he was connected was disbanded, its work having been completed. Thereupon, in May, 1916, he came to the United States, where he has since resided.  During his said employment he was allowed several vacations, which were spent in the United States.  Since his first coming here in 1905, his permanent address has always been in the United States, and he has never since been out of this country, except as above indicated.  While here on a vacation in 1908, he declared his intention of becoming a citizen of the United States but, on his final return from the Canal Zone, he found that his time to apply for second papers had expired.  That he made such application tends strongly to show he never intended to abandon his residence in our country.

In the case of *United States* v. *Mulvey*, 232 Fed. Repr. 513, it is said that an absence for a period of two years and two months will preclude the alien from

being entitled to naturalization five years from the date of his original arrival; and that: "Actual residence within the country for a little over half of the required time and a constructive residence for the balance of the time is not a compliance with the act of Congress."

But in that case the alien had returned to the country of his nativity. In this case the applicant has never, since 1905, left the United States excepting to go, as an employee of the government of the United States, to the Canal Zone, of which the United States has perpetual control as well as jurisdiction to police it and establish judicial tribunals. While the applicant was there he was under the direction of and associated with Americans, not to say the representatives, military as well as civil, of the United States government. The life was such as to familiarize him with American military, civil and political institutions. The *Mulvey* case, referred to above, sets forth the rule to be followed: " This obviously raises a question of some difficulty. But the difficulty it presents must not lead the court into the absurdity of concluding that the continuous character of an alien's residence is fatally destroyed if, for any purpose and for any length of time, he temporarily goes beyond the country's borders. We think that each case of this kind must be decided according to its own circumstances. * * * The purpose of requiring aliens applying for citizenship to reside continuously within the country for five years is not only to satisfy the government as to the good faith of the applicant and as to his good character, but it is also to afford the alien a sufficient opportunity to understand and familiarize himself with our institutions and mode of government."

Subdivision 7 of the act of May 9, 1918, has no application here. It permits residence in the Canal

Zone to be considered as actual residence in the United States in certain cases and provides that in those "cases only residence in the * * * Canal Zone * * * may be considered residence in the United States." It is plain that it was not intended to bar an applicant from naturalization because during some parts of the necessary five years he had sojourned in the Canal Zone, no more than he would be necessarily barred because some part of that period had been spent in a country under foreign jurisdiction.

Let an order be entered on notice to the chief naturalization examiner, room 712, No. 5 Beekman street, New York city, adjourning this application to a day certain in the week beginning November 10, 1919, and directing the clerk to notify the applicant then to appear and produce his witnesses.

Ordered accordingly.